## RECOVERY FOR PROPERTY SET ON FIRE BY A PASSING LOCOMOTIVE.

Court of Appeals for Wood County.

THE HOCKING VALLEY RAILWAY COMPANY v. WILLIAM B. JAMES,
TRUSTEE OF RADELOFF BROTHERS, BANKRUPT, AND
THE CONNECTICUT FIRE INSURANCE
COMPANY OF HARTFORD.

Decided, May 8, 1913.

*Railways—Store Building Destroyed by Fire—Supposed to Have Been Started by a Passing Locomotive—Bills of Exceptions—Charge of Court—Admissibility of Evidence as to Other Fires Along Right-of-Way.*

1. Where a bill of exceptions merely shows that a request for special instructions was made in writing before argument, there is a failure to show compliance with the statutory requirement that the instructions asked for should be in writing and that the request to give them before argument be made.
2. An averment in the petition that the locomotive which it is claimed set the plaintiff's property on fire was being operated in a southerly direction, is immaterial and need not be proven; nor is it necessary the jury should find the engine was being operated on defendant's road, when there is no contention that the company owning the road was operating that particular engine.
3. In an action for recovery for property destroyed by fire started by a passing locomotive, testimony is competent as to other fires occurring along the railway right-of-way immediately before or after the one complained of.

*Wilson & Rector, F. C. Amos* and *F. P. Riegle,* for plaintiff in error.

*Ladd & James* and *Benj. F. James,* contra.

RICHARDS, J.; KINKADE, J., and CHITTENDEN, J., concur.

The action in the court of common pleas was brought by William B. James, as trustee in bankruptcy, and the Connecticut Fire Insurance Company against the Cleveland, Cincinnati, Chicago & St. Louis Railroad Company and the Hocking Valley Railway Company, to recover for the loss of a certain store

building and contents located at Lemoyne in this county and claimed to have been destroyed by fire in March, 1911, by the negligence of the defendants. The property destroyed was the property of Radeloff Brothers and was insured against loss' by fire in the Connecticut Fire Insurance Company. The loss for which the insurance company was liable was adjusted between the company and the assured and the amount as between those parties was agreed to be the sum of $1,546.12, which amount was paid by the insurance company. Thereupon this action was brought by the trustee of Radeloff Brothers, the assured, and the Connecticut Fire Insurance Company to recover of the two railroads named the total loss claimed, viz, $2,073.64.

It is averred in the petition that the Hocking Valley Railway Company was the owner of the right-of-way and that the other railroad company, known as "the Big Four," was operating a train on the occasion in question and from it the fire is averred to have originated. The property destroyed was situate about a hundred feet from the track of the railway company. On the trial in the common pleas court a verdict was rendered in favor of the plaintiffs and against the Hocking Valley Railway Company for $2,222.67, the jury finding that the Cleveland, Cincinnati, Chicago & St. Louis Railroad Company was not liable, and judgment has been rendered upon this verdict.

The case is brought here on a petition in error and a bill of exceptions which is certified in the usual form to contain all the evidence. One of the principal grounds of error upon which reliance is made is that the verdict is not sustained by sufficient evidence, and issue was joined between the parties as to the existence and terms of the insurance policy which was claimed to cover the property destroyed by fire, the petition averring separate amounts of insurance upon different classes of property covered by the policy and destroyed by fire. The insurance policy was therefore an important item of evidence, and was introduced in evidence by the plaintiffs and received by the court and marked Exhibit "B," but is nowhere attached to the bill of exceptions. Because of this omission we are not authorized to consider the case upon the weight of the evidence. It

has been many times held that the failure to attach exhibits precludes the reviewing court from passing upon the weight of the evidence. A few cases illustrating the principle may be cited: *Foster Coal Co.* v. *Mohrman,* 9 C. C., 544, failure to attach map; *Hohly* v. *Sheely,* 21 C. C., 484, failure to attach photographs; *Mich. Cen. R. R. Co.* v. *Waterworth,* 21 C. C., 485, failure to attach photograph; *State of Ohio* v. *Hinkleman,* 32 C. C., 1, failure to attach bottle. This latter case was affirmed without report, 83 O. S., 446.

It is further contended that the trial court erred in refusing to give to the jury in the charge certain instructions before argument. The bill of exceptions recites the following: "Before argument, counsel for defendant in writing requested the court to specifically charge the jury as follows:" The statute, General Code, 11447, provides that either party may present written instructions to the court on matters of law and request them to be given to the jury.

It does not appear from the language of the bill of exceptions that the instructions asked were in writing as required by this statute, nor that they were requested to be given before the argument, but simply that the request was made in writing and before argument. Under the statute the request need not be in writing but the instructions which are requested to be given must be in writing.

The first request so asked to be given was properly refused by the court. It involves a statement that the jury must find for the defendants if the evidence fails to "satisfy" them. Of course it is fundamental that an ordinary civil action may be determined by a preponderance of the evidence, and the language of the instruction asked is condemned in *C., H. & D. Ry. Co.* v. *Frey,* 80 Ohio St., 289.

The next instruction asked contains in substance a statement that the jury can not find for the plaintiffs unless they should find that the engine was being operated on defendant's road in a southerly direction. We find no error in the refusal of the court to give this instruction. It is true the petition avers that the engine was being operated in a southerly direction, but the mere direction in which the engine was proceeding was imma-

terial and need not have been averred, and having been averred need not have been proven. The instruction is open to the further objection that it requires a finding from the jury that the engine was being operated on defendant's road, while it was not contended that the railroad belonged to the Cleveland, Cincinnati, Chicago & St. Louis Railroad Company, which company was sought to be held only because it was claimed to have been operating the engine.

We deem it unnecessary to discuss in detail the two remaining instructions asked to be given by counsel for plaintiff in error. It is sufficient to say that we find no error in the action of the court in refusing to give them. It is contended by counsel that the court erred in its general charge to the jury, but the bill of exceptions fails to disclose that counsel lodged any exception to the action of the court in giving the general charge.

Numerous exceptions appear in the record to the admission and exclusion of evidence. Several of those exceptions relate to the admission of testimony offered by plaintiff as to a fire along the right-of-way shortly before or shortly after the fire which destroyed the property of Radeloff Brothers. The court admitted evidence of that character, but it seems to have been limited very closely to the occasion of the fire in controversy, and such evidence has been frequently held to be competent. The circuit court sitting in Ottawa county held in *The Lakeside & Marblehead Co.* v. *Kelly,* 10 C. C., 322, that other fires about the time and immediately after the passage of the locomotive might be shown. In the case of *L. S. & M. S. Ry. Co.* v. *Anderson,* 27 C. C., 577, it is held that fires originating soon after locomotives of the company had passed along the road might be shown. We think that the trial court committed no error in the admission of this class of evidence, limited as it appears to have been.

It is insisted that prejudicial error was committed in the admission of Exhibit "A," being four yellow sheets containing items of merchandise and their value as made out and attached to the proof of loss made to the insurance company after the fire. Andrew Radeloff, one of the assured, had testified that he and his brother spent the entire day with the adjuster in

making these items and affixing the figures thereto. The items are very numerous, being contained as stated, on four pages. The witness testified that these items were correct. The trial judge gave ample opportunity to counsel for the defendants to cross-examine relative to this list, and admitted it in evidence to save time in the trial of the cause. Counsel for defendants requested of the trial court an opportunity to examine Exhibit "A" so that they might cross-examine if they saw fit and their request was granted by the court, as appears in the earlier portion of the bill of exceptions. The matter again came up immediately before plaintiffs rested their case, and counsel declined to avail themselves of the privilege so accorded, and it was only after this situation had arisen that the court permitted the admission in evidence of the exhibit. It is impossible to examine this bill of exceptions without reaching the conclusion that the witness Andrew Radeloff in effect testified that the contents of Exhibit "A" are correctly stated and were furnished by him, and we think under all the circumstances of the case that no error was committed to the prejudice of the defendants by the admission of Exhibit "A" in evidence.

Notwithstanding the fact that the bill of exceptions fails to contain the insurance policy known as Exhibit "B," we have made a careful examination of the evidence and believe that on the whole case substantial justice was done to the parties, and finding no prejudicial error, the judgment of the common pleas court will be affirmed.